IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HERBERT PHIPPS,**

    **Plaintiff,**

v.                                                                      **Civil Action No. 1:21cv105**
                                                                       **(Judge Kleeh)**

**UNITED STATES OF AMERICA**

    **Defendant.**

## REPORT AND RECOMMENDATION

### I. Introduction

On July 30, 2021, the *pro se* Plaintiff, an inmate at USP Hazelton in Bruceton Mills, West Virginia initiated this case by filing a complaint pursuant to the Federal Tort Claim Act ("FTCA"). ECF No. 1. With his complaint, Plaintiff filed a Motion for Leave to Proceed in Forma Pauperis with supporting documents. ECF Nos. 2, 3, 4.

This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 2, and 28 U.S.C. § 1915(A).

### II. The Complaint

In his complaint, Plaintiff alleges that on February 12, 2018, he was sent on a writ to Terre Haute, Indiana, but that in order to get there, had to go to the Bureau of Prisons' ("BOP") Oklahoma Transfer Center, where he arrived on March 28, 2018 [ECF No. 1 at 6; elsewhere, Plaintiff states he arrived on March 23, 2018. See ECF No. 1-1 at 4]. However, because the BOP transit center was overcrowded, he was sent to a "subcontracted prison of the FBOP Grady County Jail" in Chickasha, Oklahoma. ECF No. 1-1 at 4. He contends that as he stepped off the BOP's bus, he was instructed to step down on a "log of wood" that was "faulty and dangerous," and he

fell, injuring his back and legs and hitting his head. Id. He avers that he still has "extreme pain and discomfort" and now has constant trembling in his hands. Id. Plaintiff contends he now suffers from post-traumatic stress disorder ("PTSD") and depression, and is nowhere near as active as he formerly was, and that he is now afraid to step up/down off any object, steps, or obstacles. ECF No. 1 at 9.

Plaintiff's complaint indicates that he filed a Standard Form 95 administrative tort claim, but in response to the question asking him to identify the type of written claim he filed, he stated "BP-11 to Central Office – WDC" on March 1, 2021. Id. at 4. Attached to Plaintiff's complaint are copies of administrative grievances filed with responses thereto [ECF Nos. 1-1 at 1 – 33], but Plaintiff did not attach a copy of any Standard Form 95 administrative tort claim nor a copy of any denial letter for the same. As relief, he seeks $2,000,000.00 for the "permanent" damaged incurred in the fall. ECF No. 1 at 9.

## II. Standard of Review

Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke, 490 U.S. at 328.

Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

### III. Analysis

It is well-established that the United States is immune from suit unless it consents to be sued. See United States v. Testan, 424 U.S. 392 (1976). However, the FTCA waives the federal government's traditional immunity from suit for claims based on the negligence of its employees. 28 U.S.C. § 1346(b)(1). Specifically, "[t]he statute permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). Nonetheless, the FTCA only waives the government's sovereign immunity if certain terms and conditions are met. Honda v. Clark, 386 U.S. 484 (1967). One of those conditions is that an FTCA action be filed within two years of the incident or within six months of the final claim denial. 28 U.S.C. § 2401(b). The provisions of the FTCA are found in Title 28 of the United States Code. 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), and 2671-2680.

The failure of a plaintiff to exhaust his administrative remedies prior to filing suit deprives a court of subject matter jurisdiction. See McNeil v. United States, 508 U.S. 106 (1993); Plyer v. United States, 900 F.2d 41 (4th Cir. 1990). In addition, a court is not allowed to hold the case in abeyance until a plaintiff presents an administrative tort claim with the appropriate agency, and the six-month time period expires. See 28 U.S.C. § 2675. As the Fourth Circuit noted, "[s]ince

---

[1] Id. at 327.

3

the district court has no jurisdiction at the time the action was filed, it could not obtain jurisdiction by simply not acting on the Motion to Dismiss until the period had expired." <u>Plyer</u>, 900 F.2d at 42 (citation omitted).

Here, Plaintiff has attached to his complaint a copy of an April 26, 2021 letter from "Counselor W. Barr D-1," "to whom it may concern," averring that Plaintiff was "on a Federal Writ from USP Hazelton Starting January 30, 2018 until April 2, 2018." ECF No. 1-1 at 18.

Plaintiff states that upon his return to USP Hazelton in November 2019, he "immediately" filed a BP-8, but that no

> response ever came back for (2) years running? That's when on 3/1/21 I decided to follow it up with a BP-9 with USP Hazelton's warden. Again no response was ever given on the BP-9 as well. So, on April 8, 2021, I filed a BP-10 to the Southeast Region of the FBOP. There [sic] response came back April 13, 2021. Their excuse was that they denied the BP-10, because I never filed a BP-8 or BP-9?

<u>See</u> ECF No. 1-1 at 5. Plaintiff avers that he filed a BP-8, a BP-9, a BP-10, and a BP-11. <u>See</u> ECF No. 1 at 3. Plaintiff attaches a November 27, 2019 Informal Resolution form (BP-8), alleging the fall at the Grady County Jail; saying he hurt his legs, lower and upper back, and that his hands tremble all the time now because of "nerve damage.' ECF No. 1-1 at 28. Next, he attaches another BP-8 Informal Resolution form, this one dated April 26, 2021, raising the claim again. ECF No 1-1 at 29. He received an April 28, 2021 response from staff, saying "**Counselor states file tort claim. Must file tort claim**." ECF No. 1-1 at 30 (emphasis added). Plaintiff also attaches a March 1, 2021 BP-9 that was received by the Warden on April 4, 2021 and assigned Remedy ID 1078749-F1. ECF No. 1-1 at 32. He attaches an April 29, 2021 Rejection Notice, saying his Remedy ID 1078749-F1 request for monetary damage is denied but that "**you may submit a tort claim for monetary compensation**, but this incident did not occur at a BOP facility." ECF No. 1-1 at 17 (emphasis added). Plaintiff also attaches an undated Central Office Administrative Remedy

4

Appeal that includes no response [ECF No. 1-1 at 11] and a copy of a May 11, 2021 Regional Administrative Remedy Appeal. See ECF No. 1-1 at 19. The response to it is blank and/or illegible. See ECF No. 1-1 at 20.

Although Plaintiff filed administrative grievances, there is no evidence in the record to show that Plaintiff ever presented a Standard Form 95 administrative tort claim to the appropriate agency within two years from the date of the event, the initial requisite to proceed on a FTCA claim. The *pro se* law clerk assigned to this case contacted the BOP on August 2, 2021 and received verification that Plaintiff never filed a Standard Form 95 over the claims at issue in the complaint.

Plaintiff's fall occurred on either March 23, 2018 or March 28, 2018; as such, he was required to file a Standard Form 95 administrative tort claim within two years of either of those dates, or by March 23, 2020 or March 28, 2020. This he failed to do, despite having been twice advised in the denials of his administrative remedies that he needed to "file a tort claim." See ECF No. 1-1 at 30; see also ECF No. 1-1 at 17. Had he submitted a Standard Form 95 administrative tort claim as required and received a final denial letter, he would then have had six months from the date of the denial to bring suit in federal court.[2] However, Plaintiff never filed a Standard Form 95 administrative tort and did not initiate the instant action until July 30, 2021. Therefore, Plaintiff's claim is clearly time-barred.

Because the FTCA waives the United States traditional grant of sovereign immunity, the statute must be strictly construed. United States v. Kubrick, 444 U.S. 111, 117B18 (1979). Put

---

[2] Title 28 U.S.C. '2401(b) specifically states:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun *within six months after the date of mailing*, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

5

simply, because the United States may not be sued without its permission, the Court may not take it upon itself "to extend the waiver beyond that which Congress intended." Id. Therefore, "[i]f an action is not filed as the statute requires, the six-month time period may not be extended" by the Court. Tuttle v. United States Postal Service, 585 F.Supp. 55 (M.D. Pa. 1983) (citing United States v.Kubrick 444 U.S. 111, 117B18)).

The undersigned recognizes that the United States Supreme Court has held that the FTCA's statute of limitations is a procedural, not jurisdictional bar. United States v. Kwai Fun Wong, 135 S.Ct. 1625, 1627 (2015). Accordingly, equitable tolling is applicable to FTCA's statute of limitation. However, equitable tolling in suits against the United States is only available in exceptional circumstances. See Muth v. United States, 1 F.3d 246, 251 (4th Cir. 1993). More specifically, the Fourth Circuit has stated that equitable tolling principles are appropriate only "where the defendant has wrongfully deceived or mislead the plaintiff in order to conceal the existence of a cause of action." Kokotis v. United States Postal Service, 223 F.3d 275, 280B81 (4th Cir. 2000) (quoting English v. Pabst Brewing Co., 828 F.2d 1047, 1049 (4th Cir. 1987)).

Nonetheless, here, the BOP twice clearly informed Plaintiff that he needed to file a tort claim to proceed. Plaintiff was not misled by the agency, nor did the agency make any misrepresentations. Plaintiff's lack of diligence in filing a Standard Form 95 administrative tort claim within the requisite two- year time period of his injury does not comport with a finding of equitable tolling. Because he never filed a Standard Form 95 administrative tort claim, this Court lacks subject matter jurisdiction over his claims. The plaintiff bears the burden of establishing this court's jurisdiction to entertain his FTCA. However, the record, including the exhibits submitted to the Court with Plaintiff's complaint do not support a finding that he submitted a Standard Form 95 administrative tort claim within two years of the date of his injury. Rather, the weight of the

evidence establishes that he never submitted such a claim at all. Therefore, not only are his claims untimely, this Court lacks jurisdiction to consider his FTCA.

### IV. Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that Plaintiff's complaint under the FTCA be **DISMISSED without prejudice** because this Court lacks subject matter jurisdiction and further, the claims are barred by the statute of limitations. It is further recommended that Plaintiff's Motion to Proceed *in forma pauperis* [ECF No. 2] be **DENIED as moot.**

The plaintiff shall **have fourteen days from the date of entry of this Report and Recommendation** within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection. A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

Dated: August 16, 2021

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE