IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg

**HERBERT PHIPPS**,

        Plaintiff,

v.

**CASE NO: 1:21-CV-105**
Judge Bailey

**UNITED STATES OF AMERICA**,

        Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Michael John Aloi [Doc. 7]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Aloi for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Aloi filed his R&R on August 16, 2021, wherein he recommends the plaintiff's complaint under the FTCA be dismissed without prejudice. For the reasons that follow, this Court will adopt the R&R.

## STANDARDS OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and

1

conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Gordon v. Leeke***, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Aloi's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Plaintiff filed his Objections to the R&R [Doc. 9] on September 7, 2021. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## BACKGROUND

In his complaint, plaintiff alleges that on February 12, 2018, he was sent on a writ to Terre Haute, Indiana, but that in order to get there, he was first transported to the BOP Oklahoma Transfer Center. [Doc. 1 at 6]. However, because the BOP transit center was overcrowded, plaintiff was sent to a "subcontracted prison of the FBOP Grady County Jail" in Chickasha, Oklahoma. [Doc. 1-1 at 4]. Plaintiff contends that as he stepped off the BOP's bus, he was instructed to step down on a "log of wood" that was "faulty and dangerous," and

he fell, injuring his back, legs, and head. [Id.]. Plaintiff avers he still suffers from "extreme pain and discomfort" and now has constant trembling in his hands. [Id.]. Further, he contends he now suffers from PTSD and depression, has lost activity levels, and has fear to ambulate on steps or obstacles. [Doc. 1 at 9].

Plaintiff's complaint indicates that he filed a Standard Form 95 administrative tort claim. [Id. at 4]. However, plaintiff did not attach a copy of any Standard Form 95 administrative tort claim, nor a copy of any denial letter concerning the same. Plaintiff seeks $2,000,000.00 for relief. [Id. at 9].

## DISCUSSION

Here, Magistrate Judge Aloi found that although plaintiff had filed administrative grievances, there is no evidence in the record to show that plaintiff ever presented a Standard Form 95 administrative tort claim to the appropriate agency within two years from the date of plaintiff's alleged injury–the prerequisite to proceed on an FTCA claim. In fact, the *pro se* law clerk assigned to this case contacted the BOP on August 2, 2021, and received verification that plaintiff never filed a Standard Form 95 concerning the claims at issue in the complaint. As such, Magistrate Judge Aloi ultimately concluded that plaintiff's claims were not only untimely, but that this Court lacks jurisdiction to consider the FTCA complaint due to plaintiff's failure to exhaust. *See* [Doc. 7 at 4–7].

In his objections, plaintiff admits he never filed a Standard Form 95 concerning the claims at issue. [Doc. 9 at 1]. By way of explanation for his failure to exhaust, plaintiff avers that he is a "layman unlettered to the law" and asks this Court to excuse the fact that plaintiff did not exhaust the prerequisite administrative remedies required to pursue his claims. [Id.].

3

This Court cannot do so in these circumstances. Plaintiff's fall occurred in March 2018. As such, he was required to file a Standard Form 95 administrative tort claim within two years. Had he submitted a Standard Form 95 administrative tort claim as required and received a final denial letter, he would then have had six months from the date of the denial to bring suit in federal court. However, plaintiff did not file a Standard Form 95 administrative tort claim and did not initiate the instant action until July 30, 2021.

Because the FTCA waives the United States' traditional grant of sovereign immunity, the statute must be strictly construed. ***United States v. Kubrick***, 444 U.S. 111, 117–18 (1979). Put simply, because the United States may not be sued without its permission, the Court may not take it upon itself "to extend the waiver beyond that which Congress intended." ***Id.***

Moreover, equitable tolling in suits against the United States is only available in exceptional circumstances. See ***Muth v. United States***, 1 F.3d 246, 251 (4th Cir. 1993). More specifically, the Fourth Circuit has stated that equitable tolling principles are appropriate only "where the defendant has wrongfully deceived or mislead the plaintiff in order to conceal the existence of a cause of action." ***Kokotis v. United States Postal Service***, 223 F.3d 275, 280–81 (4th Cir. 2000) (quoting ***English v. Pabst Brewing Co.***, 828 F.2d 1047, 1049 (4th Cir. 1987)). Here, as noted by Magistrate Judge Aloi, the BOP actually informed plaintiff that he needed to file a tort claim to proceed on two occasions. See [Doc. 7 at 6]. For these reasons, upon review of plaintiff's objections even when construing them with a deferential view benefitting the *pro se* litigant, plaintiff's objections must be overruled.

## CONCLUSION

Having found no clear error in the remainder of the magistrate judge's well-reasoned review of the pleadings, plaintiff's objections [**Doc. 9**] are **OVERRULED**, and it is the opinion of this Court that the Report and Recommendation [**Doc. 7**] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, this Court **ORDERS** that the complaint [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

Further, plaintiff's Motion to Proceed *in forma pauperis* [**Doc.** 2] is **DENIED AS MOOT**.

This Court further directs the Clerk to **STRIKE** this matter from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to the plaintiff.

**DATED**: October 12, 2021.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE